PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JUAN CRUZ SANTIAGO, Defendant and Appellant. PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JUAN CRUZ SANTIAGO, Defendant and Appellant.

Nos. 4226 and 4227. Argued July 14, 1930—Decided July 30, 1930.

*Angel A. Vázquez* for appellant. *R. A. Gómez* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

These cases originated in complaints filed by Marcelino Santiago and José S. Dávila charging that the defendant Juan Cruz Santiago, on January 12 and 14, 1929, in San-

turce, San Juan, unlawfully, maliciously, and wilfully drew and put in circulation two checks, one for ten dollars on the Banco Territorial y Agrícola made out to cash and signed "Rufino Ruiz" which he cashed in the establishment of Francisco Betancourt, Avenida Borinquen, Santurce, knowing the check to be false, thereby defrauding Betancourt of the said sum; and another for nine dollars on the Banco Comercial de Puerto Rico, signed "Rufino Díaz", which he cashed at the "Rialto" coffee-house, stop 43, Santurce, owned by Hipólito González, knowing the same to be false, and which was paid by González, who was thereby defrauded of the said sum. Both complaints contain the usual clause: "by false and fraudulent pretenses."

The defendant demurred to both complaints, but his demurrer was overruled. After the cases had been called for trial and the government evidence heard, the defendant moved for a peremptory discharge. The court denied the motion. No evidence was introduced by the defendant and the court rendered judgments sentencing him to three months' imprisonment in jail for each offense.

On appeal the defendant maintains that the district court erred in holding the complaints as sufficient. He claims that the facts stated do not constitute a public offense, especially the offense of false representation.

We do not agree. What could be a greater false representation than to present as genuine checks known to be false by the person who presents them? And what clearer fraud than to obtain from an innocent person money under such a false pretense? There is no need for the complaint to state that the defendant told the victim that the check was genuine and succeeded in convincing him of it. The mere presentation of the check for the purpose of cashing it is stronger than any oral representation and includes everything in itself.

Nor was it necessary that the reference to the banks contained in the complaints should have been more specific.

The banks had not been victimized. The victims were Francisco Betancourt and Hipólito González, who have been fully identified.

Lastly, it was not necessary to allege that the signatures which appeared on the checks were false. All that was required to be stated, and it was so stated, was that the checks were false and that the defendant, with knowledge of their falsity, presented them to the prosecutors as being genuine and succeeded in having the checks cashed by them.

Besides, the fact must not be overlooked that we are dealing with complaints and not with informations, drawn by the district attorney.

For the reasons assigned, and in view of the case of *People* v. *Muñoz*, 22 P.R.R. 356, the judgments appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.